IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TROY W. LOWERY, on behalf of himself and all other similarly situated persons, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> GERMANTOWN SEAMLESS GUTTERING, INC, and SCOTT KOHRMANN, individually, <br><br> Defendants. | Cause No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Troy W. Lowery ("Plaintiff"), on behalf of himself and all other similarly situated persons, known and unknown, by his attorneys, for his Complaint against Defendants Germantown Seamless Guttering, Inc. ("Germantown") and Scott Kohrmann, individually, ("Kohrmann"), (collectively "Defendants") states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime pay to Plaintiff and similarly situated persons for all of the time they worked for Defendants in excess of forty (40) hours in one or more individual workweeks. In addition, Plaintiff brings a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure and refusal to compensate Plaintiff his earned wages at the rate agreed to by the parties in violation of the IWPCA.

2. Defendants employed Plaintiff and other similarly situated persons as installers.

3. Defendants paid Plaintiff and other similarly situated persons by the hour.

4. While employed by Defendants, Plaintiff and similarly situated persons regularly worked in excess of 40 hours per week.

5. Defendants failed to pay Plaintiff and other similarly situated persons earned overtime wages.

6. Defendants failed to pay Plaintiff and other similarly situated persons for all hours worked.

7. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

11. Plaintiff resides in and is domiciled in this judicial district.

12. Defendant Kohrmann is a manager and operator of Defendant Germantown Seamless Guttering, Inc.

13. Defendant Kohrmann is involved in the day-to-day business operations of Defendant Germantown Seamless Guttering, Inc. Among other things, Mr. Kohrmann hires and fires employees, directs and supervises the work of employees, signs on Defendant Germantown

Seamless Guttering Inc.'s checking accounts, including paychecks, and makes decisions regarding employee compensation and capital expenditures.

14. Defendant Germantown is an Illinois corporation.

15. Defendant Germantown maintained an office in this judicial district.

16. Defendant Germantown is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

17. Defendant Germantown is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

18. During the last three years, Defendant Germantown's annual gross volume of sales made or business done has exceeded $500,000.00.

19. During the course of their employment with Defendant Germantown, Plaintiff and other similarly situated employees handled goods, including gutters and siding, that moved in interstate commerce.

20. Defendant Germantown is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and by the IMWL, 820 ILCS 105/3(c).

21. Defendant Germantown is Plaintiff's "employer" as defined by the IWPCA. 820 ILCS 115/2.

22. Plaintiff is Defendant Germantown's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), and by the IMWL, 820 ILCS 105/3(d).

23. Plaintiff is Defendant Germantown's "employee" as defined by the IWPCA. 820 ILCS 115/2.

24. Defendant Kohrmann was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and by the IMWL, 820 ILCS 105/3(c).

25. Defendant Kohrmann was Plaintiff's "employer" as defined by the IWPCA, 820 ILCS 115/2 and 820 ILCS 115/13.

26. Plaintiff was Defendant Kohrmann's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

27. Plaintiff was Defendant Kohrmann's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

28. Plaintiff was Defendant Kohrmann's "employee" as defined by the IWPCA, 820 ILCS 115/2.

29. Upon information and belief, Defendant Kohrmann resides in this judicial district.

## BACKGROUND FACTS

30. Plaintiff worked as an installer for Defendants from approximately December 2004 until March 26, 2014.

31. Plaintiff regularly worked more than forty (40) hours per week during his employment by Defendants.

32. Plaintiff and other similarly situated persons were required to report to Defendant's business location every morning to receive their job assignments and to prepare for that day's work, which included loading vehicles with equipment and supplies necessary for the work to be performed that day and performing maintenance activities.

33. Plaintiff and other similarly situated persons drove Defendants' trucks to work sites.

34. Plaintiff and other similarly situated persons were required to return to Defendants' business location at the end of each work day.

35. Defendants failed to pay Plaintiff and similarly situated employees for all hours worked.

36. Defendants did not pay Plaintiff and similarly situated employees for the work they performed prior to arriving at the first job site of day.

37. Defendants did not compensate Plaintiff and similarly situated employees for the time they spent traveling from the last job of the day to Defendants' place of business and for the work they performed at Defendants' place of business at the end of each work day, including but not necessarily limited to unloading trucks and disposing of garbage.

38. Defendants also failed to compensate Plaintiff and other similarly situated employees for the time they spent traveling between work sites during the day.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated persons overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

40. In one or more work weeks during the prior three years, Plaintiff and similarly-situated persons worked for Defendants in excess of forty (40) hours per week.

41. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

42. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times his regular rate for all the time he worked over forty (40) hours in individual work weeks.

43. Pursuant to 29 U.S.C. § 207, other similarly-situated persons were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

44. In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated persons one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks.

45. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in one or more individual work weeks.

46. Defendants violated the FLSA by failing to pay similarly-situated persons overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

47. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff and other similarly-situated persons have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursuing this claim.

WHEREFORE, Plaintiff and other similarly-situated persons pray for a judgment against Defendants as follows:

    A. designation of this action as a collective action and prompt issuance of notice to similarly-situated persons pursuant to 29 U.S.C. § 216(b) appraising them of the

        pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated persons who join this lawsuit;

C.     liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.     reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E.     such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

48.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

49.     During the prior three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

50.     For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times his regular rate of pay.

51.     Defendants did not pay Plaintiff overtime at one and one-half times his regular rate for all overtime hours he worked, but instead failed to Plaintiff for all overtime hours he worked.

52.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiff individually only)

Plaintiff incorporates and realleges paragraphs 1 through 52 as though set forth herein.

53. Defendants and Plaintiff had an agreement or understanding that Defendants would pay Plaintiff his hourly rate of pay for all time he worked each work week. Since 2012, Defendants agreed to pay Plaintiff $16.80 for each hour he worked.

54. Despite the Defendants' agreement to pay Plaintiff for all time he worked, Defendants failed to compensate Plaintiff for all work performed.

55. Defendants violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendants. 820 ILCS 115/4.

56. Plaintiff has been damaged by Defendants' failure to compensate him for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

**Plaintiff hereby demands a trial by jury on all claims.**

                                        Respectfully submitted,

Dated:  November 3, 2015           /s/ Russell C. Riggan
                                        One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Russell C. Riggan (russ@rigganlawfirm.com)
Samuel Moore (smoore@rigganlawfirm.com)
132 West Washington Avenue
Suite 100
Kirkwood, MO 63122
(314) 835-9100

Attorneys for Plaintiff and those similarly situated